**Ellen McGLONE and John McGlone, Plaintiffs,**

v.

**THERMOTEX, INC. Thermotex Therapy Systems, Inc. Suarez Corporation Industries, Biotech Research, Inc., a division of Suarez Corporation Industries, Broker Service Corporation, Jade Enterprises, Inc., My Heatingpads.Com d/b/a/, Jade Enterprises, Defendants.**

No. CV–09–2896.

United States District Court, E.D. New York.

Sept. 21, 2010.

Paul D. Lawless, Esq., Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY, for Plaintiffs.

James Kimmel, Esq., Abrams, Gorelick, Friedman & Jacobson, P.C., New York, NY, for Defendant Thermotex Therapy Systems, Inc.

Kenneth Hayes, Esq., Hardin, Kundla, McKeon & Poletta, P.A., New York, NY, for Suarez Defendants.

Gregory Wayne Gilliam, Esq., Venable, Inc., New York, NY, for Jade Defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge:

This is a personal injury action commenced by Ellen and John McGlone, alleging personal injury attributable to the use of an allegedly defective heating pad. Named as Defendants are Thermotex Therapy Systems, Inc. ("Thermotex"), Suarez Corporation Industries ("Suarez"), Biotech Research, Inc., a division of Suarez Service Corporation (the "Suarez Defendants"), Jade Enterprises, Inc., and myheatingpads.com d/b/a/ Jade Enterprises (the "Jade Defendants").

Presently before the court is the motion of Defendant Thermotex, a Canadian corporation, to dismiss, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction.

## BACKGROUND

### I. The Parties

Plaintiffs are individuals residing in Nassau County, New York. They commenced this personal injury action in New York State Supreme Court, County of Nassau, naming the same Defendants named herein. The action was thereafter removed here pursuant to this court's diversity jurisdiction.

Defendant Thermotex is a Canadian company with its principle place of business in that country. The Suarez Defendants are companies organized under the laws of the State of Ohio with their principle places of business in that state. While the precise business relationship between Thermotex and Suarez is in dispute—in particular there are factual issues as to

exclusive nature of any distributorship agreement—it is clear that the product at issue was shipped from Thermotex in Canada, to Suarez an Ohio, and thereafter to Plaintiff's mother's home.[1]

### II. Allegations of the Complaint

Plaintiffs' complaint alleges that a heating pad, marketed under the Thermotex name (the "Heating Pad") was purchased online on or about May 23, 2007. Plaintiff Ellen McGlone alleges that she used the Heating Pad on her lower back and/or buttock area in accord with product directions. As a result of that use, Mrs. McGlone alleges that she suffered severe personal injuries, including burns that required medical treatment. Plaintiffs set forth causes of action pursuant to Section 349 of the New York General Business law, strict products liability and negligence. Attached to the complaint is a copy of an online advertisement for Thermotex, found at the web address, "myheatingpads.com." That advertisement states, *inter alia*, that the Thermotex heating pad will "not burn or dehydrate the skin. Plaintiff Ellen McGlone seeks damages for her personal injuries, and John McGlone seeks damages for loss of consortium.

### III. Prior Proceedings and the Standard of Review

As noted, this case was commenced in New York State Court. Prior to removal, the Suarez Defendants commenced a third-party action against Thermotex. That action sets forth causes of action for contribution, as well as common law and contractual indemnification. It seeks to

---

1. The court has limited information regarding Jade Enterprises, myheatingpads.com and the company bearing the name "Thermotex," standing alone. The last named Defendant does not appear to be related to the moving defendant and has defaulted. The remaining two Defendants have only recently appeared herein. Information as to these entities, however, is not necessary for the court to dispose of the jurisdictional motion of the moving Defendant.

hold Thermotex liable for any of Plaintiffs' injuries on the ground that it manufactured the Heating Pad. While pending in the state court, Plaintiffs served a verified Bill of Particulars, amplifying the claims made in the complaint. That document states that the incident occurred at Plaintiffs' home on August 10, 2007. Plaintiff Ellen McGlone states that as a result of the incident forming the basis of the complaint she was confined to her bed for a period of eight weeks.

After this matter was removed to this court, the parties conducted pretrial discovery aimed at the issue of personal jurisdiction over Defendant Thermotex. Upon completion of jurisdictional discovery, Thermotex interposed the present motion to dismiss. After outlining relevant law, the court will turn to the merits of the motion.

## DISCUSSION

### I. Legal Principles: Personal Jurisdiction:

A district court may exercise jurisdiction over a defendant who would be subject to the jurisdiction of a court of general jurisdiction in the state in which the district court is located. Fed.R.Civ.P. 4(k)(1)(A); *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 183–84 (2d Cir.1998); *Arrowsmith v. U.P.I.*, 320 F.2d 219, 223 (2d Cir.1963). If, but only if, jurisdiction is proper under state law, must the court address the issue of whether the exercise of jurisdiction comports with Fourteenth Amendment Constitutional standards of Due Process. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir.2007).

In view of the fact that Plaintiffs have had the benefit of complete jurisdictional discovery, they must make more than a *prima facie* showing of jurisdiction based only upon the unsupported allegations of the pleadings. Instead, Plaintiffs' showing of jurisdiction must be supported by facts that, if credited, would establish personal jurisdiction. *Ball v. Metallurgie Hoboken–Overpelt*, 902 F.2d 194, 197 (2d Cir. 1990); *J.L.B. Equities, Inc. v. Ocwen Fin. Corp.*, 131 F.Supp.2d 544, 547 (S.D.N.Y. 2001). Conclusory allegations based only on information and belief are not sufficient. *Jazini*, 148 F.3d at 184.

### II. Personal Jurisdiction Under New York Law: Section 302(a)(3)

Plaintiff alleges personal jurisdiction pursuant to the long arm statute of the New York Civil Practice Law and Rules ("CPLR"). Section 302(a)(3) of the CPLR provides for long arm jurisdiction over a nondomicilliary defendant who, "in person or through an agent," commits a tortious act outside of New York that causes injury within the State. In addition, the defendant's activities must meet one of the two sets of statutory criteria set forth in subsections (i) or (ii) of Section 302(a)(3). Plaintiffs here rely on subsection (ii). As to that subsection, jurisdiction is proper, if, in addition to commission of the tortious act outside of New York with in-state consequence, the defendant: (1) expects or should reasonably expect his acts to have New York consequences, and (2) derives "substantial revenue" from interstate or international commerce. N.Y.C.P.L.R. § 302(a)(3)(i)(ii); *see LaMarca v. Pak–Mor Manufacturing Co.*, 95 N.Y.2d 210, 713 N.Y.S.2d 304, 307, 735 N.E.2d 883 (2000): *see also Overseas Media, Inc. v. Skvortsov*, 407 F.Supp.2d 563, 574–75 (S.D.N.Y.2006). The latter element is intended to exclude the exercise of jurisdiction over defendants "who might cause direct, foreseeable injury within the State but 'whose business operations are of a local character.'" *LaMarca*, 713 N.Y.S.2d at 308, 735 N.E.2d 883 (citations omitted).

III. *Disposition of the Motion to Dismiss*

A. *Jurisdictional Facts as to Thermotex*

As noted, personal jurisdictional discovery as to Thermotex has been completed. As a result of that discovery, the following facts are clear. Thermotex maintains its sole place of business in Canada. It is not licensed to do business in New York, and maintains no office in this state. As to the product at issue, there is no question as to the facts that the Heating Pad was manufactured by Thermotex in Canada. It was thereafter shipped to Ohio, and then to the State of New York. While Thermotex does not directly advertise its product in the State of New York, consumers in this state can easily access Thermotex products online. Thermotex has no dealers within the State of New York. However, New York consumers can make purchases of Thermotex products by contacting a dealer located within the United States. Additionally, Thermotex maintained a toll-free telephone number, during the year preceding the commencement of this action, enabling New York consumers to purchase Thermotex products.

Thermotex states that its gross sales in the year preceding the commencement of this action were approximately $1.2 million. Between two-thirds and three-quarters of these sales are to consumers located within the United States. Direct sales to consumers in the State of New York for the same time period were approximately $7,000. Documents before the court indicate that in the year preceding the incident, Thermotex directly shipped approximately $1,200 worth of product directly to New York consumers, and approximately $6,000 worth of product to New York consumers pursuant to orders placed by Thermotex distributors.

B. *The Motion to Dismiss is Denied*

As discussed, CPLR Section 302(a)(3) provides for the exercise of jurisdiction over a foreign defendant where that defendant, either personally, or through an agent, has committed a tortious act outside of New York that causes injury within the state. CPLR 302(a)(3). Here, Plaintiffs claim that the tortious act was the manufacture of a defective heating pad in Canada. There is no question but that this alleges the requisite tortious act committed outside of the State of New York. The alleged injury within New York is clearly set forth in the complaint and the Bill of Particulars filed in the state court.

The second prong of the statute requires a showing that Thermotex: (1) expects or should reasonably expect its acts to have New York consequences, and (2) derives "substantial revenue" from interstate or international commerce. N.Y.C.P.L.R. § 302(a)(3)(i)(ii). As to the latter prong of the statute, the issue is not whether Thermotex derives substantial revenue from commerce within the State of New York, but whether the company derives such revenue from "interstate or international" commerce.

■ The court holds that Thermotex should reasonably expect its act, *i.e.*, the manufacture of heating pads in Canada that are offered for sale throughout the United States and in New York, to have consequences in this state. The court further holds that while New York sales of Thermotex products may comprise only a small percentage of Thermotex overall sales, the company does "derive substantial revenue from international commerce with the United States so as to subject it to jurisdiction under Section § 302(a)(3)(i)(ii). Accordingly, the court holds that Plaintiffs have sufficiently established the existence of jurisdiction pur-

 

suant to the law of the State of New York. The court turns to consider, as required, whether the exercise of jurisdiction by the State of New York offends the Due Process Clause of the United States Constitution. The court holds that it does not.

 The Constitution allows a state to exercise jurisdiction over a non-domiciliary defendant only if the defendant had "certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The question of "minimum contacts" focuses on whether a defendant's conduct with respect to the state are such that it "should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Where, as here, the sale of a product to a consumer in the forum state "is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor *to serve directly or indirectly,* the market for its product" the Constitution is not offended by the exercise of jurisdiction when the defendant's product injures a consumer. *LaMarca,* 713 N.Y.S.2d at 309, 735 N.E.2d 883, quoting, *World–Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. 559. For substantially the same reasons set forth above with respect to the court's holding under New York law, the court holds that the exercise of jurisdiction here offends neither the requirement of minimum contacts nor the concept of "fair play and substantial justice."

## CONCLUSION

For the foregoing reasons, the motion of Defendant Thermotex to dismiss for lack of jurisdiction is denied. The Clerk of the Court is directed to terminate the motion to dismiss and the parties are directed to continue with pretrial discovery.

SO ORDERED.